UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ROBERT H. HALE,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARLES RETTIG, *IRS Commissioner, et al.,*<br><br>    Defendants. | Case No. 2:21-cv-01904-GMN-VCF<br><br>**ORDER**<br><br>Application to Proceed In Forma Pauperis (EFC No. 1) and Complaint (ECF No. 1-1) |

Pro se plaintiff Robert H. Hale filed an application to proceed in forma pauperis (ECF No. 1) and a complaint (ECF No. 1-1). I grant Hale's in forma pauperis application. ECF No. 1. I dismiss his complaint without prejudice. ECF No. 1-1.

**Discussion**

Hale's filings present two questions: (1) whether Hale may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Hale's complaint states a plausible claim for relief.

**I.      Whether Hale May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff declares that his take-home pay, after "IRS Levies" is $2,845 per month, that he has $600 in the bank, and pays $2,100 per month in rent. ECF No. 1 at 1-2. Plaintiff's application to proceed in forma pauperis is granted.

**II.     Hale's Complaint Fails to States a Plausible Claim**

Section 1915 also requires that if the Court grants an application to proceed in forma pauperis, the Court must review plaintiffs' complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs [ ]" (Fed. R. Civ. P. 10(b)). The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1. "A document filed pro se is, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint asserts an assortment of theories and claims regarding taxes. His allegations

are associated with the sovereign citizen movement. "While many various sub-groups and ideologies may fall under the Sovereign Citizen umbrella, the overarching unifying principle is the belief that 'even though they physically reside in this country, they are separate or 'sovereign' from the United States.'" *United States v. Silver*, No. 3:15-cr-00048-RRB, 2021 U.S. Dist. LEXIS 1670, at 6 (D. Alaska Jan. 5, 2021)(citation omitted). "The most common Sovereign Citizen interpretations of the U.S. Constitution are attempts to challenge the United States' jurisdiction to either punish or tax it citizens." *Id.* citing to Caesar Kalinowski IV, *A Legal Response to the Sovereign Citizen Movement*, 80 Mont. L. Rev. 153, 165 (2019).

      Plaintiff alleges that he is, "an American National on the land and soil of Illinois" and he brings this action against IRS Commissioner Charles Rettig and Revenue Officer Susie Taylor, "to recover property belonging to him that was erroneously taken by IRS employees by means of inappropriate liens and levies [.]" ECF No. 1-1. He alleges that he, "bring[s] this action under the Common Law of Admiralty (Article III)" and various other theories commonly associated with the sovereign citizen movement. I find that plaintiff's sovereign citizen theories are legally frivolous. Courts have repeatedly and emphatically rejected claims based on sovereign citizen theories as frivolous. See, e.g., *United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions without extended argument"); see also *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (characterizing sovereign citizen arguments seeking to avoid taxation as "silly" and "frivolous").

      Reading plaintiff's complaint liberally, his claims seek to prevent the assessment and collection of taxes: specifically, a tax lien that the IRS has "wrongfully" obtained against him despite his status as an "American National." *Id*. The Anti-Injunction Act prohibits suits brought to restrain the assessment or collection of any tax. See 26 U.S.C. § 7421(a). This court lacks jurisdiction over plaintiff's claims

against the individual government defendants. See 26 U.S.C. § 7421(a); *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) (citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37, 94 S. Ct. 2038, 40 L. Ed. 2d 496 (1974)) (confirming that Section 7421(a) divests the court of jurisdiction). Subject to certain exceptions not applicable here, the Internal Revenue Code prohibits suits "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). Such suits cannot "be maintained in any court by any person." *Id.*

Reading his complaint liberally as one for a tax refund from the IRS, he has not alleged that he has timely filed an administrative claim prior to suing. *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 8, 128 S. Ct. 1511, 1516 (2008)("taxpayers seeking refunds of unlawfully assessed taxes must comply with the Code's refund scheme before bringing suit, including the requirement to file a timely administrative claim.") Since plaintiff has shown that he does have a large tax lien, I will give him an opportunity to amend his complaint.[1] If he chooses to amend, he must carefully review my analysis here. The amended complaint must be complete in and of itself without reference to prior pleadings, other documents, or frivolous sovereign citizen theories. I caution plaintiff that continuing to file lawsuits in this Court that reference frivolous sovereign citizen theories may result in adverse consequences, including possible sanctions or a finding that he is a vexatious litigant.

---

[1] I also note that plaintiff has filed similar suits in this Court. Two years ago, I recommended that a similar case plaintiff filed in this court be dismissed for lack of jurisdiction given that plaintiff had previously filed a nearly identical case in the Court of Federal Claims: he alleged that the IRS used his "copyrighted trade name" to assess the lien. See *Hale v. Mnuchin et al.,* 2:19-cv-00400-JCM-VCF at ECF No. 3 (D. Nev. Mar. 3, 2019), citing to *Hale v. USA*, Docket No. 1:18-cv-01391-PEC, ECF No. 1 (Fed. Cl. Sept. 10, 2018). Plaintiff voluntarily dismissed his case in this Court after I issued my report and recommendation. See *Hale*, 2:19-cv-00400-JCM-VCF at ECF No. 4. The Court of Federal Claims dismissed most of his claims without prejudice for lack of jurisdiction *except* that it dismissed his copyright infringement claim with prejudice. See *Hale*, 1:18-cv-01391-PEC, ECF No. 18. Plaintiff later filed another tax related suit in this Court, but he again voluntarily dismissed it. See *Hale v. Mnuchin et al.* 2:19-cv-01112-JAD-NJK (D. Nev. Dec. 22, 2020),

ACCORDINGLY,

I ORDER that plaintiff Hale's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

I FURTHER ORDER the Clerk of Court to file the complaint (ECF No. 1-1).

I FURTHER ORDER that Hale's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that Hale has until Monday, December 13, 2021, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if plaintiff files an amended complaint, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch.*

*Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

    IT IS SO ORDERED.

    DATED this 12th day of November 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE