# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ROBERT H. HALE,<br><br>        Plaintiff,<br><br>vs.<br><br>CHARLES RETTIG, *IRS Commissioner, et al.,*<br><br>        Defendants. | Case No. 2:21-cv-01904-GMN-VCF<br><br>**ORDER**<br><br>-And-<br><br>**REPORT AND RECOMMENDATION**<br><br>Motion Re: Notice of Bankruptcy (ECF No. 8) |

      Pro se plaintiff Robert H. Hale filed a motion regarding his notice of bankruptcy. ECF No. 8. In the motion, he asks that the notice be attached to his in forma pauperis application. *Id.* His motion is unclear, but reading it liberally, he also appears to ask for an automatic stay of this case because of his bankruptcy. *Id.* I granted his in forma pauperis application and I dismissed his complaint without prejudice, with leave to refile. ECF No. 4. Plaintiff simultaneously filed an amended complaint and an objection to my screening order. ECF Nos. 6 and 7. Since I already granted plaintiff's in forma pauperis application, there is no reason to attach his notice of bankruptcy to his application. I deny that request.

      To the extent that he seeks a stay of this case, I recommend that it be denied. "A bankruptcy filing typically operates as an automatic stay of all proceedings against the debtor." 11 U.S.C. § 362(a)(1). "The automatic stay provision doesn't cover cases, like this one, in which the debtor is a plaintiff." *In re Palmdale Hills Property, LLC*, 654 F.3d 868, 875 (9th Cir. 2011) ("The stay does not

prevent a plaintiff/debtor from continuing to prosecute its own claims nor does it prevent a defendant from protecting its interests against claims brought by the debtor."); *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1331 (11th Cir. 2004)("The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits initiated by the debtor.") Plaintiff filed this case, which is still in the screening process, so there is not yet an operative complaint. I recommend that his request for an automatic stay due to filing for bankruptcy be denied.

ACCORDINGLY,

I ORDER that plaintiff Hale's request that the Court attach his bankruptcy notice to his in forma pauperis application is DENIED.

I RECOMMEND that Hale's motion regarding his bankruptcy (ECF No. 8) to the extent that he seeks an automatic stay, be DENIED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon

each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel.

**Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 19th day of April 2022.

_____
C AM F ERENBACH
U NITED S TATES M AGISTRATE J UDGE