UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT H. HALE,<br><br>　　　　　Plaintiff,<br>vs.<br><br>CHARLES RETTIG, *IRS Commissioner, et al.*,<br><br>　　　　　Defendants. | Case No.: 2:21-cv-01904-GMN-VCF<br><br>**ORDER** |

Pending before the Court Plaintiff Robert Hale's ("Plaintiff's") Objection/Appeal to the Magistrate Judge's Order, (ECF No. 4), dismissing Plaintiff's Complaint with leave to amend. Also pending before the Court is the Report and Recommendation, (ECF No. 9), of United States Magistrate Judge Cam Ferenbach.

For the reasons discussed below, the Court **DENIES** Plaintiff's Objection/Appeal and **ADOPTS IN FULL** the Magistrate Judge's Report and Recommendation.

I. **DISCUSSION**

　　A.　**Plaintiff's Objection/Appeal**

On November 12, 2021, the Magistrate Judge granted Plaintiff's application to proceed *in forma pauperis* ("IFP") and dismissed Plaintiff's Complaint with leave to amend. (*See* Order, ECF No. 4) (setting a December 13, 2021, deadline to amend). The Magistrate Judge identified that some of Plaintiff's claims were brought under legally frivolous sovereign citizen theories. (*Id.* 3:15). However, the Magistrate Judge also liberally construed Plaintiff's Complaint as one requesting a tax refund, and thus, dismissed the Complaint for its failure to properly allege exhaustion of administrative remedies. (*Id.* 3:21–4:17) ("he has not alleged that he has timely filed an administrative claim prior to suing").

1    On November 18, 2021, Plaintiff timely filed his First Amended Complaint. (First. Am. Compl., ECF No. 6).  Plaintiff subsequently filed his Objection/Appeal challenging the Magistrate Judge's dismissal Order by arguing that he never claimed to be a sovereign citizen. (Obj. 1:24, ECF No. 7).  However, Plaintiff's Objection does not dispute the fact that the Complaint's claims still incorporate the legally frivolous arguments commonly associated with the sovereign citizen movement.  In fact, Plaintiff merely notes his objection to the "sovereign citizen" phraseology, but does not petition the Court for any relief based on that objection. Plaintiff's Objection also argues that he properly alleged administrative exhaustion because the Complaint states: "my claim for damages under IRS Code Section 7433, Civil Damages for Certain Unauthorized Collections Actions has been denied." (Obj. 2:40–42); (Compl. 6:18–20, ECF No. 1-1).  However, the Complaint does not indicate whether Plaintiff's "claim for damages" was actually submitted to and denied by the appropriate administrative body or that such a claim was *timely* filed.  Therefore, Plaintiff's Objection does not cure any of the deficiencies in the Complaint identified by the Magistrate Judge, and thus, is denied.[1]

### B.    Report and Recommendation

In the Report and Recommendation, the Magistrate Judge addresses Plaintiff's Motion to Supplement, (ECF No. 8), which requests that the Court attach his bankruptcy notice to his IFP application and notes that filing a bankruptcy case automatically stays certain actions against the debtor. (Mot. Supp. at 1–2, ECF No. 8).  The Magistrate Judge denied Plaintiff's Motion to the extent that it requested to attach the bankruptcy notice to his IFP and recommended that Plaintiff's Motion should be denied to the extent that it seeks an automatic stay. (R&R 2:7–11, ECF No. 9).

A party may file specific written objections to the findings and recommendations of a

---

[1] Plaintiff also timely filed his Amended Complaint, (ECF No. 6), which moots the issue of whether the Magistrate Judge properly dismissed the original Complaint.

United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).  Where a party fails to object, however, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (citing 28 U.S.C. § 636(b)(1)).  Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See, e.g.*, *United States v. Reyna–Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

Here, no objections were filed, and the deadline to do so has passed. (*See* Min. Order, ECF No. 9) (setting a May 3, 2022, deadline for objections).  Accordingly, the Court adopts in full the Magistrate Judge's Report and Recommendation.

II.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Objection/Appeal, (ECF No. 7), is **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 9), is **ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Supplement, (ECF No. 8), is **DENIED** to the extent that it requests an automatic stay.

Dated this  30  day of June, 2022.

_____
Gloria M. Navarro, District Judge
United States District Court