**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ROBERT H. HALE,

        Plaintiff,

vs.

CHARLES RETTIG, *IRS Commissioner, et al.,*

        Defendants.

Case No. 2:21-cv-01904-GMN-VCF

**Report and Recommendation for Dismissal**

    I previously granted plaintiff's application to proceed in forma pauperis and dismissed his complaint without prejudice. ECF No. 4. Plaintiff filed an amended complaint but simultaneously objected to my screening order. ECF Nos. 6 and 7. Judge Navarro overruled plaintiff's objection. ECF No. 10. I now screen plaintiff's amended complaint. 28 U.S.C. § 1915(e)(2)(B). I recommend that this case be dismissed.

    For brevity I will not repeat my entire analysis here, but I dismissed plaintiff's previous amended complaint for multiple reasons. Plaintiff brought claims against the IRS "under the Common Law of Admiralty (Article III)" and various other theories commonly associated with the sovereign citizen movement. ECF No. 4 at 3. I found that plaintiff's sovereign citizen theories are legally frivolous. *Id.* I also found that the Anti-Injunction Act prohibits suits brought to restrain the assessment or collection of any tax. See 26 U.S.C. § 7421(a). I also noted that this court lacks jurisdiction over plaintiff's claims against the individual government defendants for the assessment or collection of taxes against him. See 26 U.S.C. § 7421(a), *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir. 1990) (citing *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37, 94 S. Ct. 2038, 40 L. Ed. 2d 496 (1974)) (confirming that Section 7421(a) divests the court of jurisdiction). I also found that even if I read his complaint liberally as one for a tax refund from the IRS, he has not alleged that he has timely filed an administrative claim prior to suing.

*United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 8, 128 S. Ct. 1511, 1516 (2008)("taxpayers seeking refunds of unlawfully assessed taxes must comply with the Code's refund scheme before suing, including the requirement to file a timely administrative claim."

In plaintiff's amended complaint, he alleges that on March 20, 2018, IRS revenue agent Suzy Taylor visited his house. ECF No. 6 at 4. Plaintiff alleges that he gave Taylor a copy of his personal "Mandatory Foreign Sovern Immunities Act Notice (FISA Notice) of Liability" which he alleges she read in his presence, and he attached to his complaint. *Id.* at 13. The attached "FISA Notice" is full of the same sovereign citizen theories that I already found to be frivolous. Plaintiff also attached a letter from the IRS that he purports shows he exhausted his administrative remedies. *Id.* at 15. Plaintiff alleges that agent Suzy Taylor wrongfully ignored his FISA Notice and collected taxes from his bank account using a "bit of magic" that allowed her to access his bank accounts. *Id.* at 5. Plaintiff alleges that defendant Charles Rettig is an officer of the IRS. *Id.* at 4.

Even assuming arguendo that plaintiff has made a showing under Rule 8 that he exhausted his administrative remedies, the rest of the amended complaint does not address the issues I raised in my previous screening order. The only named defendants are individual IRS employees Charles Rettig and Suzy Taylor. As I noted in my last screening order, this Court lacks jurisdiction over these individual defendants for attempting to collect taxes from him. I recommend that this case be dismissed.

ACCORDINGLY,

I RECOMMEND that this action be DISMISSED and Judgment entered.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

        IT IS SO ORDERED.

        DATED this 25th day of August 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE